Mr. Justice Nott
delivered the opinion of the court.
The only question in this case is, whether the defen - dants lines shall be closed by running a line immediately from Blackburn's corner F. to Hagler’s line near to the corner D. or whether it shall continue, along Blackburn's line to the Creek, and from thence to Hagler's, in such a manner, as to enclose the land in dispute. The question may be considered in a two fold point of view, 1st. As it regards the construction of the deed, when taken with reference to the lines only; and secondly, when taken in connection with the other testimony.
The object of every deed of conveyance is, to transfer from one person to another, some given quantity of land. The most usual, and the most satisfactory method of identifying the land intended to be conveyed is, by the metes and bounds, which are usually designated by visible lines and corners. When those cannot be found, the courses and distances called for in the deed, if any, must be resorted to. If either of those fail, 6r are ambiguous, either in the whole or in part, we must resort to the other. And where both fail, or are doubtful, then we may resort to the quantity to remove that doubt. In the present case, we derive no assistance from the courses and distances, because none are mentioned. If we look to the metes and bounds, we find them sufficiently, designated, until we arrive at Blackburn's corner, at F. From thence, the mind is left, without any certain or visible guide, by which it can be directed. The words of the deed are, “ along Blackburn's line, to Jacob Hagler's." If Blackburn!s line extended to Hagler's there would be no difficulty in the case. But it is never nearer Hagler's line than at the corner F. And if we pursue that line, we shall neve* *218 ireach Hagler's land, and of course shall never close the defendants lines. The only practical method therefore^ would seem to be, that which has been adopted by the jury. The probability is, that if the plaintiff intended to have sold to the creek, he would have called for it as a boundary. If we have a regard to the quantity conveyed, we shall come to the same conclusion, because, as the lines are how closed, the defendant has two hundred and twenty-three acres iriore than he purchased.
He Saussure & Holmes, for the motion,
Williams, contra.
If we look to the supposed state of things at the time the deed was made, the whole difficulty vanishes. All the-parties then' thought that Blackburn's and Hagler’s lands joined ; and the language of the deed supports that view of the case. Indeed, one witness who was present, proves that the line was actually run in that manner. Another witness sáys that some supposed the Hickory to be Blackburn’s corner. But it is obvious that could not have been Welch's idea, because he calls for Hagler's line between that corner and the creek, and expressly calls it Hagler’s corner.
I do not think that any thing unfavorable to Welch's claim can be inferred from his" declarations that he had parted with all the land he had there. He supposed at that time that Blackburn's and Hagler's lands joined, in which case he would not have had any land there. But it does not follow, because it turned out otherwise that the land must belong to the defendant. I am satisfied with the manner of location ; and I should not be less so, if the question tvas still more' doubtful. If the doubt could not be removed by another verdict, it is a sufficient reason for •supporting this.
The motion therefore must be refused.
Justices Colcock, Johnson, Huger and Gantt, concurred,-.
Mr. Justice Richardson dissented.-